MDL 1479

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 15 2002

FILED
CLERK'S OFFICE



RELEASED FOR PUBLICATION

DOCKET NO. 1479

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NEURONTIN ANTITRUST LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation consists of the seventeen actions listed on the attached Schedule A and pending in six districts as follows: seven actions in the Southern District of New York, five actions in the District of New Jersey, two actions in the Eastern District of Pennsylvania, and one action each in the Northern District of California, the Eastern District of Michigan, and the Eastern District of New York. Now before the Panel are two motions, pursuant to 28 U.S.C. § 1407, for centralization in a single district for coordinated or consolidated pretrial proceedings. The movants are i) plaintiff in one of the Eastern District of Pennsylvania actions (*Wilson*), who seeks centralization of fourteen actions in the Eastern District of Pennsylvania, and ii) sole defendants Warner-Lambert Co. and Pfizer, Inc., who seek centralization in the District of New Jersey of the fourteen actions on the *Wilson* plaintiff's motion plus three more later identified actions. No responding party opposes transfer, with the only disagreement being the choice of transferee forum: i) the plaintiff in the second Eastern District of Pennsylvania action joins the moving *Wilson* plaintiff in support of the Eastern District of Pennsylvania; ii) the plaintiffs in the five District of New Jersey actions agree with the moving defendants that the New Jersey district should be selected; and iii) the plaintiffs in the seven Southern District of New York actions and the one Eastern District of New York action favor the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the seventeen actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported class actions brought against Warner Lambert Co. and its parent, Pfizer, Inc., by plaintiffs alleging that the defendants violated antitrust laws and excluded generic competition for a Warner-Lambert drug by bringing sham patent infringement actions against a number of generic drug manufacturers.

---

[*]Judges Sear and Selya took no part in the decision of this matter.

**OFFICIAL FILE COPY**



- 2 -

Centralization under Section 1407 is thus necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of New Jersey is the appropriate forum for this docket, we note that five of the constituent actions are already pending there before Judge John C. Lifland, who has already gained considerable experience with the issues present in this docket as a result of presiding over another multidistrict docket, MDL-1384, *In re Gabapentin Patent Litigation*. The actions in MDL-1384, along with other actions already assigned to Judge Lifland, are the pending patent infringement actions that form the bulk of the allegedly "sham" litigation on which the MDL-1479 plaintiffs are predicating their antitrust claims.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable John C. Lifland for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1479 -- In re Neurontin Antitrust Litigation</u>

### <u>Northern District of California</u>

*Jane Sall, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:02-2122

### <u>Eastern District of Michigan</u>

*Great Lakes Health Plan, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-71907

### <u>District of New Jersey</u>

*William Owens v. Pfizer, Inc., et al.*, C.A. No. 2:02-1390
*Burdonna Trujillo v. Pfizer, Inc., et al.*, C.A. No. 2:02-1391
*Smithfield Foods, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1397
*Phyllis Salowe-Kaye, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1527
*Louisiana Wholesale Drug Company, Inc. v. Pfizer, Inc., et al.*, C.A. No. 2:02-1830

### <u>Eastern District of New York</u>

*Neil Meltzer v. Pfizer, Inc., et al.*, C.A. No. 2:02-1388

### <u>Southern District of New York</u>

*Health & Benefit Trust Fund of the International Union of Operating Engineers Local Union 94, 94A, 94B v. Pfizer, Inc., et al.*, C.A. No. 1:02-1845
*Gary Jaffe v. Pfizer, Inc., et al.*, C.A. No. 1:02-2017
*Katherine D'Angelo v. Pfizer, Inc., et al.*, C.A. No. 1:02-2028
*Action Alliance of Senior Citizens of Greater Philadelphia v. Pfizer, Inc., et al.*, C.A. No. 1:02-2445
*Vista Healthplan, Inc. v. Pfizer, Inc., et al.*, C.A. No. 1:02-2531
*United Food & Commercial Workers Local 56 Health & Welfare Fund v. Pfizer, Inc., et al.*, C.A. No. 1:02-2663
*Painters District Council No. 30 Health & Welfare Fund v. Pfizer, Inc., et al.*, C.A. No. 1:02-2845

### <u>Eastern District of Pennsylvania</u>

*Richard A. Wilson v. Pfizer, Inc., et al.*, C.A. No. 2:02-2094
*Nancy Soeurt v. Pfizer, Inc., et al.*, C.A. No. 2:02-2433